IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
ABILENE DIVISION

CLERK US DISTRICT COURT
NORTHERN DIST. OF TX.
FILED

2017 JUL -5 PM 2: 15

DEPUTY CLERK _____

DAVID WAYNE SMITH,       §
(TDCJ # 02010208),       §
                         §
          Plaintiff,     §
                         §        CIVIL ACTION NO.
v.                       §        1:16-CV-091-BL
                         §
BARD LIVINGSTON,         §
Executive Director,      §
Texas Department of Criminal Justice,  §
                         §
          Defendants.    §        Assigned to U.S. Magistrate Judge

## REPORT AND RECOMMENDATION

This case was reassigned to the United States Magistrate Judge under Second Amended Special Order No. 3-301. Although Plaintiff was informed of the right to consent to the disposition of this case by a magistrate judge under 28 U.S.C. § 636(c), he has chosen to not consent, and therefore the undersigned magistrate judge enters this report and recommendation under the authority of 28 U.S.C. 636(b). Based on the relevant filings and applicable law, all claims stated in the complaint should be **DISMISSED**, and the pending motion for a temporary restraining order should be **DENIED**. After entry of this report and recommendation, the case should be reassigned to Senior United States District Judge Sam R. Cummings.

### I. BACKGROUND

Plaintiff David Wayne Smith, acting *pro se*, filed a form civil rights complaint naming as the only Defendant Brad Livingston, Executive Director (former), Texas Department of Criminal Justice. (Doc. 1.) That pleading is subject to this Court's review under the statutory mandated screening provisions of 28 U.S.C. § 1915A and 1915(e)(2)(b). Thus, no process has been issued in this case.

## II. PRELIMINARY SCREENING

Plaintiff is an inmate who has been permitted to proceed *in forma pauperis*. As a prisoner seeking redress from an officer or employee of a governmental entity, his complaint is subject to preliminary screening pursuant to 28 U.S.C. § 1915A. *See Martin v. Scott*, 156 F.3d 578, 579-80 (5th Cir. 1998) (per curiam). Because he is proceeding *in forma pauperis*, his complaint is also subject to screening under § 1915(e)(2). Both § 1915(e)(2)(B) and § 1915A(b) provide for *sua sponte* dismissal of the complaint, or any portion thereof, if the Court finds it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief.

A complaint is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." *Id.* at 327. A claim that falls under the rule announced in *Heck v. Humphrey*, 512 U.S. 477 (1994), "is legally frivolous unless the conviction or sentence at issue has been reversed, expunged, invalidated, or otherwise called into question." *Hamilton v. Lyons*, 74 F.3d 99, 102 (5th Cir. 1996). A complaint fails to state a claim upon which relief may be granted when it fails to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *accord Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). To avoid dismissal for failure to state a claim, plaintiffs must allege facts sufficient to "raise the right to relief above the speculative level." *Twombly*, 550 U.S. at 555. Mere "labels and conclusions" nor "a formulaic recitation of the elements of a cause of action" suffice to state a claim upon which relief may be granted. *Id.*

2

### III. APPLICATION OF *HECK V. HUMPHREY*

Plaintiff seeks relief under 42 U.S.C. § 1983. Section 1983 "provides a federal cause of

action for the deprivation, under color of law, of a citizen's 'rights, privileges, or immunities secured

by the Constitution and laws' of the United States." *Livadas v. Bradshaw*, 512 U.S. 107, 132 (1994).

It "afford[s] redress for violations of federal statutes, as well as of constitutional norms." *Id.*

Plaintiff recites the following in his "Statement of Claim":

> Violation of 5th, 6th, 7th, and 14th Amendments by kidnapping [sic] Plaintiff and
> violating Title 18, chapter 13, Civil Rights Act, § 242, Title 18, Chapter 77, Art.
> 1589, Title 18 Chapter 13, Civil Rights Act, 241, Title 18, Chapter 77, Art. 1581(a),
> 1584(a).  TDCJ took Plaintiff from Tarrant County knowing or having should
> known; that Plaintiff was not the person in the indictment and had NEVER been
> indicted vesting any court with jurisdiction to imprison or confine Plaintiff.  After
> Plaintiff gave notice of violations, TDCJ continues to hold Plaintiff under these same
> restraints and threats listed above; without any legal process.  Tarrant County and
> TDCJ has no legal right to acquire ownership of the Plaintiff.  No Grand Jury in the
> State of Texas has given jurisdiction to any court the right to prosecute and/or
> confine Plaintiff for any felony offense against the law.
>
> Felony offenses mut be prosecuted by indictment (Texas Const., Art. 1510). Filing
> of indictment is essential to vest trial court with jurisdiction over felony offenses.
> Jurisdiction vests only upon filing of Valid indictment in appropriate court (Texas
> Const, Art. 1, § 10, Art. 5 § 12(b)).  The Grand Jury has never given any court in the
> State of Texas jurisdiction to prosecute Plaintiff. The Grand Jury, not a prosecutor,
> is the sole entity authorized under CCP Art. 28.10 to initiate felony charges.  Judges
> actions are Not void due to procedural irregularities in manner in which criminal
> cases come before him if he is qualified and not constitutionally or statutorily
> disqualified; however, the irregularity may be error rendering conviction Voidable.
> The only was the judge could be qualified is by indictment of Plaintiff by Grand Jury.
> Court never had jurisdiction because Plaintiff's name and or address does not appear
> on any indictment in the State of Texas.  Director of TDCJ, Brad Livingston is the
> party without jurisdiction in this cause thus violating David Wayne Smith's
> constitutional rights along with all statutes listed before above.

(Compl.(doc 1.) at 4-6.) Review of this complaint reveals that Plaintiff challenges the jurisdiction

of an underlying state trial court on the basis that he was either not indicted or the indictment was

invalid because it did not properly identify him.  (Doc. 1, at 4-6.)  For relief, Plaintiff seeks for this

Court to "grant Plaintiff's freedom and relief by severe monetary damages." (Doc. 1, at 4.)

Plaintiff does not identify in his pleading the underlying state court or the charge upon which he was convicted and the sentence he is now serving within TDCJ. A review of the records of this Court, however, reveal that David Wayne Smith, TDCJ No. 02010208, has also filed, in the Fort Worth division of this Court, a petition for writ of habeas corpus under 28 U.S.C. § 2254. Review of Smith's § 2254 petition shows that he is there challenging his February 2015 conviction in case number 133366D for possession of a controlled substance of four grams or more but less than 200 grams, namely heroin, in the Criminal District Court Number 3 of Tarrant County, Texas. *See Smith v. Davis,* No. 4:16-CV-945-Y.[1] A review of that § 2254 petition also shows that Petitioner Smith raises challenges to the validity of the indictment and the trial court's jurisdiction over him. *Smith v. Davis,* No.4:16-CV-945-Y ( Petition (ECF doc, 1) at 6-7. In that case, the Respondent has filed an answer listing Smith's extensive history arising from this conviction:

> Relevant to the instant petition, the Director has lawful custody of Smith pursuant to the judgment and sentence of the Criminal District Court Number 3 of Tarrant County, Texas, in cause number 1333660D, styled *The State of Texas v. David Smith.* By indictment in that cause, Smith was charged in Count One with possessing, with intent to deliver, heroin amounting to more than 4 grams but less than 200 grams. CR at 6. In Count Two, Smith was charged with the possession of heroin in the same amount. *Id.* For the purposes of enhancing his punishment, his indictment also alleged Smith's prior conviction for indecent behavior with a juvenile in Caddo Parish, Louisiana. Id. Pursuant to a plea agreement wherein the State pursued only Count Two, waived the enhancement paragraph, and recommended a sentence of 7 years' imprisonment, Smith entered a plea of guilty after he was properly admonished; entered his judicial confession; and waived his rights to trial and appeal, with the exception of appealing his motion to suppress. CR at 80–84, 86. The trial court found Smith guilty and, on February 2, 2015,accepted the State's recommendations in Smith's plea agreement and sentenced Smith to 7 years' imprisonment.

---

[1] This Court takes judicial notice of the records of this same district in the § 2254 case. *See* Fed. R. Evid. 901(b)(2) and (c)(1).

Smith appealed the trial court's denial of his motion to suppress, but the Second Court of Appeals for Texas overruled his issue and affirmed his conviction. *Smith v. Texas*, No. 02–15–00053–CR, 2015 WL 7820273 (Tex. App.–Fort Worth Dec. 3, 2015). The Texas Court of Criminal Appeals refused his discretionary review on March 9, 2016. *Smith v. Texas*, PDR No. 1690-15. Smith challenged his conviction through three state applications for writ of habeas corpus; the first two were dismissed because Smith's conviction was not final, and his last state application was denied without written order on the findings of the trial court, without a hearing. SHCR-01 at 12 (filed May 21, 2015), Action Taken sheet (dismissed July 22, 2015); SHCR-02 at 19 (filed April 19, 2016), Action Taken sheet (dismissed June 29, 2016); SHCR-03 at 2 (date stamped June 6, 2016), 17–19 (no signature date), Action Taken sheet (denied August 17, 2016). [*Ex parte Smith,* Nos. WR-83,513-01 through 03.]

*Smith v. Davis,* No.4:16-CV-945-Y (Respondent's Answer (ECF No. 14, at 2-4.)

In *Heck v. Humphrey*, 512 U.S. 477 (1994), the Supreme Court held that when a successful civil rights action would necessarily imply the invalidity of a plaintiff's conviction or sentence, the claim must be dismissed unless the plaintiff demonstrates that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus under 28 U.S.C. § 2254. *Id.* at 486-87. A plaintiff does so by achieving "favorable termination of his available state, or federal habeas, opportunities to challenge the underlying conviction or sentence." *Muhammad v. Close*, 540 U.S. 749, 751 (2004) (per curiam). "[T]he *Heck* determination depends on the nature of the offense and of the claim." *Arnold v. Slaughter*, 100 Fed. App'x. 321, 323 (5th Cir. June 14, 2004).

Plaintiff Smith's claims in this federal civil suit that defendant Livingston is improperly holding him within TDCJ because he was either not properly indicted or the indictment was invalid, and because the state trial court thus lacked jurisdiction. (Doc. 1., at 4-6.) Yet a review of court records reveals that Smith has to date, been unsuccessful in his state court challenges to his conviction, and Smith is still in the midst of a federal petition for writ of habeas corpus raising the

same or similar challenges to the underlying state court conviction. Smith's claims in this case challenge the validity of his state court indictment and the state court's jurisdiction to convict him. A favorable ruling on such claims in this Court would necessarily invalidate his conviction. *See Taylor v. Stadler, et al.*, 193 F.3d 518, 1999 WL 707855, at *1 (5th Cir. 1999) (affirming dismissal of complaint challenging a state court conviction and including challenge to the validity of the indictment as barred by *Heck*); *see also Bacilio v. Burns, et al.*, No.4:15-CV-417-Y, 2015 WL 8320249, at *3 (N.D. Tex. Dec. 9, 2015) (dismissing claims that state trial court lacked jurisdiction as *Heck* barred) (citing *Custis v United States,* 479 F. App'x 255, 258 (11th Cir. 2012) ("Curtis's remaining claims allege that the criminal sentences were invalid because there was a lack of jurisdiction [and conspiracy] . . . 'would necessarily imply the invalidity of his conviction or sentence,' and his convictions and sentence have not been invalidated") (quoting *Heck*, 512 U.S. at 487), *aff'd, Bacilio v. Burns, et al.,* No.16-10037, 2017 WL 1969485 (5th Cir. May 11, 2017)); *and Cooks v. Hill, et al.*, No. 3:05-CV-1286-D, 2006 WL 1882094, at *2 (N.D. Tex. July 7, 2006) (adopting magistrate judge's recommendation that Plaintiff's claims that he was convicted due to an invalid indictment are barred by *Heck*); *Warren v. Ellis County Criminal District Court, et al.*, No. 3:04-CV-0199-L, 2004 WL 2827233, at *1 (N.D. Tex. Nov. 22, 2004) (adopting magistrate judge's recommendation that challenge to an invalid indictment was barred by *Heck*); *Williams v. Boggs, et al.*, No. CV-507-039, 2007 WL 2453559, at *1 (S.D. Ga. Aug. 23, 2007) (rejecting plaintiff's claims that there was a complete lack of indictment in violation of his constitutional rights, because he had not shown that his conviction had been invalidated).

But, Smith has not shown that his conviction has been reversed or set aside in any of the manners listed in *Heck v. Humphrey*. As Smith has not shown that his conviction has been

invalidated, under *Heck v. Humphrey* his claims, whether they be for monetary damages, injunctive relief, or for declaratory judgment, are not cognizable and must be dismissed. *See Heck*, 512 U.S. at 487-88; *see also Reger v. Walker,* 312 F. App'x. 624, 625 (5th Cir. 2009)(noting that claims, "whether for damages, declaratory judgment, or injunctive relief" are not cognizable in a § 1983 action because they imply the invalidity of conviction); *see also Clarke v. Stadler,* 154 F.3d 186, 190-91 (5th Cir. 1998)(en banc)(holding that a claim for prospective injunctive relief that would imply the invalidity of a prisoner's conviction may be dismissed without prejudice subject to the rule of *Heck v. Humphrey*). Because Plaintiff has failed to make a showing that his conviction has been set aside in the manner listed in *Heck v. Humphrey,* his claims under § 1983 are not cognizable at this time. The claims are "legally frivolous" within the meaning of 28 U.S.C. § 1915 and should be dismissed "with prejudice to their being asserted again until the *Heck* conditions are met." *Johnson v. McElveen*, 101 F.3d 423, 424 (5th Cir. 1996).

## IV. MOTION FOR TEMPORARY RESTRAINING ORDER

Plaintiff Smith has also filed a handwritten motion for temporary restraining order (TRO), in which he essentially seeks an order to be released from TDCJ. (Doc. 6, at 1-2.) A temporary restraining order may be granted only if it clearly appears from specific facts shown by affidavit or verified complaint that immediate and irreparable injury, loss, or damage will result. Fed. R. Civ. P. 65(b)(1)(A). But a TRO, without having provided notice to the opposing party, may only extend for fourteen days, and as Plaintiff Smith is incarcerated in the Texas Department of Criminal Justice Robertson Unit, and seeks an order directing the actions of prison officials, his request for a TRO must effectively be treated as a motion for preliminary injunction. *See Shakouri v. Raines, et al.*, No. PE:11-CV-00126-RAJ, 2012 WL 12872434, at *2-3 (W.D. Tex. June 22, 2012) (noting that since

inmate plaintiff's request for TRO would extend beyond the fourteen-day limit, a preliminary injunction would be the remedy).

In order to secure a preliminary injunction, the movant has the burden of proving four elements:

> (1) a substantial likelihood of success on the merits; (2) a substantial threat that the movant will suffer irreparable injury if the injunction is not issued; (3) that threatened injury to the movant outweighs any damage the injunction might cause to the opponent; and (4) that the injunction will not disserve the public interest.

See *Karaha Bodas Co., LLC v. Perusahaan*, 335 F. 3d 357, 363 (5th Cir. 2003); *Apple Barrel Productions, Inc. v. Beard*, 730 F.2d 384, 386 (5th Cir. 1984). A preliminary injunction is "an extraordinary remedy" which should only be granted if the party seeking the injunction has "clearly carried the burden of persuasion" on all four requirements. *Karaha*, 335 F.3d 363 (citing *Mississippi Power & Light Co. v. United Gas Pipe Line Co.*, 760 F.2d 618, 621 (5th Cir.1985)). As a review of Plaintiff's complaint reveals that his claims should be dismissed, and Smith has therefore not shown a likelihood of success on the merits, his motion for a TRO/preliminary injunction should be denied.

## V. RECOMMENDATION

For the foregoing reasons, all Plaintiff's claims should be **DISMISSED WITH PREJUDICE** until the *Heck v. Humphrey* conditions are met,[2] under authority of 28 U.S.C. § 1915A(b)(1) and 28 U.S.C. § 1915(e)(2)(B)(I) and (ii). This dismissal will count as a "strike" or "prior occasion" within the meaning 28 U.S.C. § 1915(g). Plaintiff's motion for a temporary restraining order (doc. 6) should be **DENIED**.

A copy of this Report and Recommendation shall be served on all parties in the manner provided by law.

---

[2] See *Johnson*, 101 F.3d at 424.

Any party may object to this Report and Recommendation. A party who objects to any part of this Report and Recommendation must file specific written objections within fourteen (14) days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and identify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. The failure to file specific written objections will bar the aggrieved party from attacking on appeal the factual findings, legal conclusions, and recommendation set forth by the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc), *superceded by statute on other grounds,* 28 U.S.C. § 631(b)(1) (extending the time to file objections from ten to fourteen days), *as recognized in ACS Recovery Servs., Inc. V. Griffin*, 676 F.3d 512, 521 n. 5 (5th Cir. 2012).

**SO ORDERED**.

SIGNED July ⎰, 2017.

E. SCOTT FROST
UNITED STATES MAGISTRATE JUDGE

9